UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CLEVELAND DELL REID, SR., | Case No.  25-cv-08285-VC |
| Plaintiff, | |
| v. | **ORDER OF SERVICE** |
| THE CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Andre Cleveland Dell Reid, Sr., a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding his time in the San Francisco County Jail. Reid has been granted leave to proceed *in forma pauperis*. The court now addresses the claims asserted in Reid's complaint.

## DISCUSSION

### I.      Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Reid's Allegations

Reid names five deputy sheriffs as defendants as well as the City and County of San Francisco and the Sheriff's Department. He alleges that he was moved to restrictive housing on October 18, 2024, purportedly based on a Request for Discipline (RFD) that he was never served. He also had a seizure around the same time. Plaintiff names specific deputies and alleges that they each lied about the RFD. He alleges that he was told defendant Negrete served the RFD that he never received, that defendant Ng (#2099) lied and said he adjudicated the RFD, and that defendants Khorge, Blunt, and Ng (#2187) each falsely answered his grievances saying that he was guilty of an RFD. In restrictive housing, Reid had no canteen, no phone, no recreation, no TV, no tablet, and no visits. He also states his food and property were taken and he received bad medical care. He seeks an investigation into the deputies and their treatment of inmates, and damages.

## III.    Analysis

Reid has listed as an additional plaintiff Eric Evans. As a *pro se* plaintiff, Reid cannot represent Evans because Reid is not licensed to practice law. Evans has not signed the complaint nor paid his own filing fee or submitted his own application to proceed *in forma pauperis*. If Evans takes those two actions and he asserts any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences as involved in Reid's complaint, and there are common questions of law and fact for both Reid's and Evans's lawsuits, Evans

may join the suit. In the meantime, he is dismissed as an additional plaintiff.

Reid's claim for injunctive relief against the City and County is moot because he is no longer incarcerated at the jail. Reid has made no allegations concerning municipal liability. The City and County is therefore dismissed as a defendant. The sheriff's department is also dismissed because the term "persons" who may be sued within the meaning of section 1983 "encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities," not including municipal departments. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996).

Under the Due Process Clause, a pretrial detainee may not be punished prior to an adjudication of guilt on criminal charges in accordance with due process of law. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[P]retrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." *Mitchell v. Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996). A detainee facing a disciplinary proceeding that may threaten his liberty interest, such as by resulting in disciplinary segregation or housing that is more restrictive, must be allowed to call witnesses in his defense, "when permitting him to do so will not be unduly hazardous to institutional safety and correctional concerns." *Id.* at 525. A detainee is also entitled to written notice of the charges at least 24 hours prior to the hearing, and a written statement of the findings. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).

Reid's claims against defendants Khorge, Blunt, and Ng (#2187) are dismissed because there is no section 1983 liability for a prison official simply for their role in reviewing and responding to a grievance. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Reid alleges that defendants Negrete and Ng (#2099) adjudicated him guilty and punished him without the required notice and hearing. Liberally construed, Reid has stated a claim against defendants Negrete and Ng (#2099) for punishing him without due process of law.

## CONCLUSION

Based on the foregoing, the court orders as follows:

3

1.      The City and County of San Francisco is dismissed.

2.      The Sheriff's Department is dismissed.

3.      Defendants Khorge, Blunt, and Ng (#2187) are dismissed.

4.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this Order to defendants Negrete and Ng (#2099) at the San Francisco County Jail #3. The Clerk shall also mail a copy of the complaint and a copy of this order to the City Attorney of San Francisco. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

5.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

6.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a.      If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date their answer is due.

If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Red.

At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    b.  Reid's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendants' motion is filed.

Before filing his opposition, Reid is advised to read the notice that will be provided  by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Reid is cautioned that because Reid bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from Reid and other witnesses, and copies of documents authenticated by sworn declaration. Reid will not be able to avoid summary judgment simply by repeating the allegations of the complaint.

    c.  The defendants shall file a reply brief no later than fourteen days after the date Reid's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due.

No hearing will be held on the motion unless the court so orders later.

7.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

8.     All communications by Reid with the court must be served on the defendants, or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

9.     It is Reid's responsibility to prosecute this case. Reid must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: March 26, 2026

_____

VINCE CHHABRIA
United States District Judge